UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WALTER GUSTAVO SIANA
ALVARADO, ET AL.                                                CIVIL ACTION

VERSUS                                                          No. 25-1048

KRISTI NOEM, ET AL.                                             SECTION I

**ORDER**

Before the Court is a motion[1] for a temporary restraining order ("TRO") filed by plaintiffs Walter Gustavo Siana Alvarado ("Mr. Alvarado") and Shiyli Julisa Gravi, in their personal capacity and in their representative capacity for their minor children G.G.S.A. and S.D.S.A (collectively, "plaintiffs"). Plaintiffs request a TRO to "postpone any detention, deportation, or any type of taking or seizure of Walter and his family, including his two children, both United States Citizens, without due process of law."[2] Plaintiffs do not explain the basis for this request in their motion but incorporate the arguments in their complaint and request for an injunction.[3]

In the complaint and request for an injunction, plaintiffs state that Mr. Alvarado filed for asylum in 2018 but that his attorney did not handle the process correctly.[4] Mr. Alvarado contends that he received a document entitled "Form I-797C Notice of Action" on May 9, 2025 from the U.S. Department of Homeland Security

---

[1] R. Doc. No. 2. Plaintiff's have nowhere indicated that defendants have been provided notice of the motion for a temporary restraining order.
[2] *Id.* at 1.
[3] *Id.*; *see also* R. Doc. No. 1 (complaint and request for injunction).
[4] R. Doc. No. 1, at 5.

and U.S. Citizenship and Immigration Services.[5] Plaintiffs state that the document requested that Mr. Alvarado and his family to appear at the U.S. Citizenship and Immigration Services asylum office in New Orleans on May 28, 2025.[6] This document, plaintiffs argue, has created a fear of imminent and irreparable harm to them.[7] Specifically, plaintiffs describe their fear that they will be wrongfully detained and deported following the meeting on May 28, 2025.[8] Plaintiffs complaint brings claims for violations of the Fifth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 and requests relief pursuant to various habeas corpus statutes.[9]

The purpose of a TRO is to preserve the status quo and prevent irreparable harm until the court makes a final decision on injunctive relief. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). To obtain a TRO, an applicant must satisfy the following four elements:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction may cause the opposing party; and (4) that the injunction will not disserve the public interest.

*Akrivis Lab'ys, LLC v. United States Dep't of Health & Hum. Servs.*, No. CV 16-11656, 2016 WL 3476716, at *1 (E.D. La. June 27, 2016) (Morgan, J.). To show immediate

---

[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.* at 6.
[9] *Id.* at 3.

and irreparable harm, a plaintiff must demonstrate it is likely it will suffer irreparable harm in the absence of preliminary relief. *Winter v. Nat. Res. Def Council*, 555 U.S. 7, 20 (2008). However, a "[s]pectulative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." *United States v. Emerson*, 270 F.3d 203, 262 (5th Cir. 2001).

Because the complaint and plaintiffs' motion does not provide this Court with any information regarding the nature of the meeting with U.S. Citizenship and Immigration Services, the Court has no basis to conclude that plaintiffs have a likelihood of success on the merits of their claims. Likewise, the Court lacks a sufficient factual basis from which it can conclude that plaintiffs' fears rise above a speculative level to constitute irreparable harm. Accordingly,

**IT IS ORDERED** that plaintiffs' motion for a temporary restraining order is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide a copy of this order to the U.S. Attorney.

New Orleans, Louisiana, May 28, 2025.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**